UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON LAMONT STRIBLING,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>MUNIZ,<br><br>　　　　Respondent. | No. 2:17-cv-1143 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDTIONS |

Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner claims his conviction and incarceration are illegal because he was apprehended and charged without the issuance of an arrest warrant. Presently before the court is petitioner's motion to proceed in forma pauperis (ECF No. 3) and his petition for screening (ECF No. 1). For the reasons set forth below, the court will grant the motion to proceed in forma pauperis and dismiss the petition without prejudice.

**IN FORMA PAUPERIS**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

////

////

1

# SCREENING

## I. Screening Requirement

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## II. The Petition

Petitioner states the basis for relief is his 2007 conviction and sentence in the Sacramento Superior Court. (ECF No. 1 at 1.) The court's records reveal that petitioner previously filed two petitions for writ of habeas corpus attacking the same conviction and sentence challenged in the instant case.[1] Petitioner's first habeas petition was filed in this court in December 2012 and dismissed in 2013 because it was barred by the statute of limitations. See Stribling v. Grounds, No. 2:12-cv-3084 MCE KJN P (E.D. Cal.). Petitioner's second petition challenging his 2007 conviction was filed in this court in December 2016 and dismissed in June 2017. See Stribling v. Baughman, No. 2:17-cv-0253 AC P (E.D. Cal.). Petitioner was informed in the dismissal order that he was required to receive authorization from the court of appeals before filing a second challenge to the 2007 conviction.

## III. Analysis

A second or successive application for habeas relief may not be filed in the district court without prior authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b); Felker v. Turpin, 518 U.S. 651, 656-57 (1996). Prior authorization is a jurisdictional requisite. Burton v. Stewart, 549 U.S. 147, 152 (2007); Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (once district court has recognized a petition as second or successive pursuant to § 2254(b), it lacks jurisdiction to consider the merits).

////

---

[1] A court may take judicial notice of its own records and the records of other courts. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

"[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Gonzalez v. Crosby, 545 U.S. 524, 530 (2005). "A habeas petition is second or successive only if it raises claims that were or could have been adjudicated on the merits." McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008)). "[D]ismissal of a habeas petition as untimely constitutes a disposition on the merits and . . . a further petition challenging the same conviction" is "'second or successive' for purposes of 28 U.S.C. § 2244(b)." Id.

Petitioner is presently "contesting the same custody imposed by the same judgment of a state court" that he challenged in Stribling v. Grounds, No. 2:12-cv-3084 MCE KJN P (E.D. Cal.), which was dismissed on the merits. Before petitioner can proceed with the instant petition, he must move in, and obtain from, the Ninth Circuit Court of Appeals, an order authorizing the district court to consider the merits of his successive petition. See 28 U.S.C. § 2244(b)(3). Absent such authorization, the instant petition must be dismissed without prejudice. Id.

## CONCLUSION

Because petitioner previously filed a petition for writ of habeas corpus attacking the same conviction and sentence challenged in this case, his petition must be dismissed without prejudice to its re-filing should petitioner obtain authorization from the Ninth Circuit Court of Appeals.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 3) is granted; and

2. The Clerk of the Court is directed to randomly assign a district judge to this action

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice because it is premised on an unauthorized successive petition for writ of habeas corpus under 28 U.S.C. § 2254.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. The documents should be captions "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the

specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  November 26, 2018

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner-Habeas/stri1143.scrn